# IN THE UNITED STATES DISTRICT COURT

# FOR THE EASTERN DISTRICT OF KENTUCKY (at Lexington)

| | | |
|---|---|---|
| ANDREW COOPERRIDER | : | Case No. |
| and | : | |
| DEANS DINER, LLC d/b/a BREWED | : | |
| Plaintiffs | : | |
| v. | : | |
| ANDREW BESHEAR, *in his individual and official capacities* 700 Capitol Ave, Suite 100 Frankfort, KY 40601 | : : | |
| AND | : | |
| RAY PERRY, *in his individual and official capacities* 500 Mero Street, 218NC Frankfort, Kentucky 40601 | : : | |
| AND | : | |
| ALLYSON TAYLOR, *in her individual and official capacities* 500 Mero Street, 2NE33 Frankfort, Kentucky 40601 | : : | |
| AND | : | |
| MAGGIE WOODS, *in her individual and official capacities* 500 Mero Street, 2NE33 Frankfort, Kentucky 40601 | : : | |
| AND | : | |
| WESLEY DUKE, *in his individual and official capacities* 275 E. Main Street, 5W-B Frankfort, KY 40621 | : : | |
| | : | |

1

AND                                              :

JOSHUA NEWTON, *in his individual and*    :
*official capacities*
500 Mero Street, 2NE33                           :
Frankfort, Kentucky 40601
                                                 :
Also serve:
                                                 :
Kentucky Attorney General Daniel Cameron
700 Capitol Ave, Suite 118                       :
Frankfort, KY 40601
(served only for purposes of KRS 418.075)    :

**PLAINTIFFS' VERIFIED COMPLAINT FOR DECLARATORY RELIEF, INJUNCTIVE RELIEF, AND, AS TO THE INDIVIDUAL CAPACITY DEFENDANTS, COMPENSATORY AND PUNITIVE DAMAGES – JURY DEMAND ENDORSED HEREON**

**Introduction**

1. The nature of a republican form of Government requires that the executive adhere to policies set forth by the legislative branch. Further, the First Amendment to the United States Constitution involves a robust right to criticize government, and protects individuals from retaliation for such criticisms. This action involves, infringements of both of those rights by the Defendants herein.

**PARTIES[1]**

2. Plaintiff Andrew Cooperrider ("Cooperrider") is a citizen and resident of Fayette County, Kentucky.

3. Plaintiff Deans Diner, LLC d/b/a Brewed ("Brewed") is a limited liability company, with its primary place of business and domiciliary at 124 Malabu Dr, Lexington, KY 40503.

---

[1] The Kentucky Attorney General is served, but is not made a party, solely for compliance with KRS 418.075 and FRCP 5.1.

Cooperrider is the sole member of Brewed. Brewed is a coffee shop, which also serves beer.

4. Defendant, Andrew Beshear, is the Governor of Kentucky, who presently resides in Franklin County, Kentucky; he is sued in his individual and official capacities.

5. Defendant, Ray Perry, is the Secretary of the Public Protection Cabinet, who presently resides in Franklin County, Kentucky; he is sued in his individual and official capacities.

6. Defendant, Allyson Taylor, is the Commissioner of the Kentucky Department of Alcoholic Beverage Control, who presently resides in Franklin County, Kentucky; she is sued in her individual and official capacities.

7. Defendant, Maggie Woods, is the Malt Beverage Administrator with the Kentucky Department of Alcoholic Beverage Control, who presently is believed to reside in Jefferson County, Kentucky; she is sued in her individual and official capacities.

8. Defendant, Wesley Duke, is the General Counsel for the Kentucky Cabinet for Health and Family Services, who resides in Fayette County, Kentucky; he is sued in his individual and official capacities.

9. Defendant, Joshua Newton, is the General Counsel for the Kentucky Department of Alcoholic Beverage Control, who, upon information and belief, resides in Jefferson County, Kentucky; he is sued in his individual and official capacities.

## JURISDICTION AND VENUE

10. Subject matter jurisdiction over the claims and causes of action asserted by Plaintiffs in this action is conferred on this Court pursuant to 42 U.S.C. § 1983, 42 U.S.C. § 1988, 28 U.S.C. §1331, 28 U.S.C. § 1343, 28 U.S.C. §§ 2201 and 2202, and other applicable law.

11. Venue in this District and division is proper pursuant to 28 U.S.C. §1391 and other applicable law, because much of the deprivations of Plaintiffs' Constitutional Rights occurred in counties within this District within Kentucky, and future deprivations of their Constitutional Rights are threatened and likely to occur in this District, and at least one of the Defendants resides in this division and district.

## **FACTS**

12. Starting on or about March, 2020, Plaintiff Cooperrider began making highly critical posts of and regarding Defendant Beshear on social media, including, without limitation, his actions shutting down businesses, his actions sending the Kentucky State Police into churches on Easter Sunday, his silencing of protesters critical of him, and related actions.

13. By November, 2020, both Plaintiff Cooperrider, via his social media page, and the social media page of Brewed, engaged in a series of highly critical posts regarding Defendant Beshear and his shuttering of restaurants and bars.

14. The foregoing social media posts and speech have continued to be made by Plaintiffs from November, 2021, to the present.

15. Defendants were each aware of, and angered by, the social media activity of the Plaintiffs.

16. Among other things, Defendant Beshear has, in public statements and speeches, directly addressed the speech of Plaintiffs, usually in a manner that expresses his anger at such speech.

17. Prior to November 24, 2020, Kentucky Governor Andy Beshear issued Executive Orders 2020-568 and 2020-986, both of which required masks to be worn indoors, and

prohibited indoor dining and drinking in restaurants and bars. Each of these executive orders were issued pursuant to the Governor's then-authority under KRS Chapter 39A.

18. Defendants instituted an enforcement action against Plaintiff, seeking the revocation of its Alcohol Licenses, in Department of Alcoholic Beverage Control Case Number 20-ABC-179, on or about November 25, 2020, for non-compliance with those orders.

19. Not to be outdone, Plaintiff Cooperrider led a citizen effort to seek the impeachment of Governor Beshear for his COVID-19 related misconduct,[2] engaging in significant amounts of additional protected speech, and, at the same time, prompting the institution of other retaliatory measures against him.

20. Email communications by and between Defendants Duke, Newton, and Taylor, in particular reflect a concerted effort to deprive Plaintiffs of their alcohol licenses, irrespective of any hearing, law change, or any other matter, in December, 2020.

21. In February and March, 2021, the Kentucky General Assembly took action to reign in what it perceived to be an abuse of power by Defendant Beshear. The Kentucky General Assembly passed several pieces of legislation relevant to this action: namely, 21 RS HB1, 21 RS SB1, 21 RS HJR 77, and 21 RS HB 192.

22. 21 RS HB 1[3] provides, in relevant part:

(1) (a) Any business, for-profit or not-for-profit organization, local government, association, or any school or school district, public, private, or religiously affiliated, **may remain open and fully operational for in-person services** so long as it adopts an operating plan that:

1. Meets or exceeds all applicable guidance issued by the Centers for Disease Control and Prevention or by the executive branch, whichever is least restrictive;

---

[2] https://www.courier-journal.com/story/news/politics/ky-general-assembly/2021/01/10/kentucky-house-forms-panel-after-petition-impeach-gov-andy-beshear/6616079002/ (last visited 3/23/2022).
[3] https://apps.legislature.ky.gov/record/21rs/hb1.html (last visited 3/18/2022).

5

2. Details how the business, for-profit or not-for-profit organization, local government, association, or school or school district, whether public, private, or religiously affiliated, will foster the safety of employees, customers, attendees and patrons, including social distancing requirements; and

3. Is posted in a conspicuous place on the main entrance door of the physical location of the business, for-profit or not-for-profit organization, local government, association, or school or school district, whether public, private, or religiously affiliated, and on the Web site of the business, for-profit or not-for-profit organization, local government, association, or school or school district, whether public, private, or religiously affiliated, if one exists; (emphasis added).

23. 21 RS HB 1 had an emergency clause, which had it take effect upon passage, which occurred on February 2, 2021.

24. 21 RS SB1,[4] among other things, removed the Governor's ability to suspend statutes, and limited all executive orders to 30 days unless extended by the Kentucky General Assembly, and permitted the Kentucky General Assembly to end emergency declarations and emergency orders. 21 RS SB 1 had an emergency clause, which had it take effect upon passage, which occurred on February 2, 2021.

25. 21 RS HJR 77 ended the Governor's orders relating to business shutdowns, capacity restrictions, and the like.[5] 21 RS HJR 77 had an emergency clause, which had it take effect upon passage, which occurred on March 30, 2021.

26. To ensure that all enforcement of any executive orders stopped, regardless of when the violation occurred, the General Assembly defunded all such enforcement in 21 RS HB 192.[6] In relevant part, that statute, which was the budget bill for 2020-2021 and 2021-2022 provided, at Section 37 (page 172-173 of the Act):

---

[4] https://apps.legislature.ky.gov/record/21rs/sb1.html (last visited 3/23/2022).
[5] https://apps.legislature.ky.gov/record/21rs/hjr77.html (last visited 3/23/2022).
[6] https://apps.legislature.ky.gov/record/21rs/hb192.html (last visited 3/18/2022).

"Notwithstanding any statute or common law to the contrary, and except as provided in this Act, no state funds or state employee time shall be expended by any person or agency to implement or enforce any executive order issued other than as authorized by KRS Chapter 39A through 39F, as amended by 2021 Regular Session SB 1 and further amended by subsequent acts of the 2021 General Assembly, or other than as may be implemented or enforced for a total sum not exceeding $10,000, inclusive of all state employee time and costs, or other than as may relate to an emergency order issued relative to a natural disaster, or other than as may be approved by the General Assembly.

Further, for the purpose of ensuring transparent government, each and every executive order issued, whether or not subject to the aforesaid restrictions, shall provide simultaneously to the Legislative Research Commission the following items in a comprehensive report as a condition precedent for the expenditure of any state funds or use of any state employee time:
(1) A complete statement of each essential fact upon which the order is based;
(2) A complete statement of each goal sought through issuance of the order;
(3) A comprehensive analysis explaining how the executive order achieves each stated goal with the least burden placed upon the constitutional rights of the citizens of the Commonwealth of Kentucky and how each stated goal is accomplished with the most efficient use of tax payer money;
(4) A detailed estimate of the anticipated expenditures of all state funds and all state employee time required for implementation or enforcement itemized in the smallest categories reasonably identifiable and stated in weekly increments; and
(5) A detailed statement of all state funds and all state employee time actually expended for implementation or enforcement of each and every prior executive order upon the same issue or event, or substantially similar issue or event itemized in the smallest categories reasonably identifiable and stated in weekly increments.
Each comprehensive report shall be updated every 30 days subsequent to issuance of an executive order and provided to the Legislative Research Commission."

27. 21 RS HB 192 did not have an emergency clause, and, under the Kentucky Constitution, became effective 90 days after the adjournment of the 2021 General Assembly sine die, giving that statute an effective date of June 28, 2021.

28. Plaintiff Brewed prepared, and complied with, a plan that complied with the provisions of 21 RS HB 1, on or about February 2, 2021 and at all times thereafter.

29. While Defendant Beshear challenged the constitutionality of 21 RS HB1 and 21 RS HJR 77, by August 21, 2021, it was clear that the legislation was the law of the land, when the

7

Kentucky Supreme Court found the laws constitutional. *Cameron v. Beshear*, 628 S.W.3d 61 (Ky. 2021).

30. From June 28, 2021 to the present, Defendants spent and directed the spending of significant amounts of state resources and time prosecuting this matter against the Plaintiff, without making the requirement reports and statements as required by law under Section 37, which were required prior to expending *any funds or state employee time*, and well in excess of the $10,000 limitation.

31. On or about May 21, 2021 the license revocation matter came for hearing. Among other things, it was apparent on that date that Brewed had a fully compliant HB1 plan, and complied with it. Defendants nevertheless persisted with their illegal enforcement.

32. Into the summer of 2021, and thereafter, Defendants expended and directed the expenditure of significant amounts of state employee funds and time, pursuing Brewed, in contravention of 21 RS HB 1, and in violation of 21 RS HB 192.

33. Internal emails, communications, and witnesses have confirmed that Defendants Beshear, Perry, Taylor, Woods, Duke, and Newton each: (i) on and after August 21, 2021, had knowledge of the existence of Brewed's HB 1 plan, and deliberately chose to continue their illegal enforcement against Brewed; and (ii) were aware of the budgetary restrictions in 21 RS HB 192 relating to their illegal actions, and on and after June 28, 2021, repeatedly and flagrantly chose to disregard those restrictions.

34. While other enforcement related measures related to COVID-19 restrictions were resolved via settlement with the Department of Alcoholic Beverage Control, the Defendants subjected Brewed and Cooperrider to specific punishment, and Defendants Beshear, Perry, and Duke each directed that no such settlement be offered to Brewed,

because the Defendants desired to punish Brewed and Cooperrider for their First Amendment protected speech.

35. On or about March 4, 2022, Defendants Taylor and Woods took final action, in conjunction with Defendant Newton, to revoke Brewed's alcohol license, in violation of 21 RS HB1 and 21 RS HB 192. This was done contrary to the recommendation of the hearing officer that heard the matter, and was done in a vindictive and retaliatory manner by their voluntary actions, and in accord with directives they received from Defendants Beshear, Perry, and Duke. These actions were taken primarily to punish Brewed and Cooperrider for their First Amendment protected speech.

## **COUNT I – Violation of the First Amendment**

36. Plaintiffs reincorporate the preceding paragraphs as if fully written herein.

37. Plaintiffs Cooperrider and Brewed each engaged in protected speech, as set forth in Paragraphs 12, 13, 14, and 19 herein.

38. The continuation of the enforcement against Brewed, including up to the revocation of its alcohol license, was an adverse action that was designed to, and would, deter a person of ordinary firmness from continuing to engage in such protected speech. Defendants have taken other actions designed to deter persons of ordinary firmness from engaging in protected speech, including the issuance of public and other statements excoriating the Plaintiffs. By taking these actions against Brewed and Cooperrider, Defendants sought to silence anyone else brave enough to be critical of Defendants' actions.

39. And there is a causal connection between Defendants actions and the adverse action was motivated at least in part by the plaintiff's protected conduct.

40. Defendants have thus committed First Amendment retaliation, in contravention of Plaintiffs' clearly established rights under *Thaddeus-X v. Blatter*, 175 F.3d 378 (6th Cir. 1999).

41. As a consequence of the foregoing, Plaintiffs have been injured, have been forced to incur expenses and costs in defending the baseless actions taken against them, and Plaintiff Cooperrider has suffered personal injuries and damages cognizable under 42 USC § 1983.

42. Plaintiffs further seek punitive damages against Defendants, in their individual capacities, since the actions complained of were motivated by evil motive or intent, and/or when it involves reckless or callous indifference to the federally protected rights of Plaintiffs. Plaintiffs demand judgment on these punitive damages against Defendants, in their individual capacities, in an amount to be determined at trial.

43. Further, because the First Amendment retaliation continues to the present, Plaintiffs seek declaratory and injunctive relief to prevent further First Amendment retaliation.

## COUNT II – Violation of Substantive and Procedural Due Process

44. Plaintiffs reincorporate the preceding paragraphs as if fully written herein.

45. Plaintiffs have a property interest and claim of entitlement to the alcohol license issued to Brewed, insofar as it not be taken in plain contravention of state law, including, without limitation, the limitations contained in 21 RS HB 1 and the funding restrictions placed in 21 RS HB 192 and Kentucky Constitution § 230, all of which provided Plaintiffs protectible property interests.

46. Defendants failure to discontinue their enforcement proceedings against Plaintiffs when funding was discontinued and after HB1 was found constitutional, violated both

procedural due process in that Plaintiffs had a right for all processes against them to be discontinued, and substantive due process, as such matters were arbitrary and capricious and involved the singling out of Plaintiffs.

47. The foregoing activities were in contravention of clearly established law, subjecting the individual capacity Defendants to claims for damages. *Paterek v. Vill. of Armada*, 801 F.3d 630 (6th Cir. 2015); *Oswald v. Beshear*, 2:21-cv-00096, at DE#11; *Spruytte v. Walters*, 753 F.2d 498 (6th Cir. 1985) and other cases.

48. As a consequence of the foregoing, Plaintiffs have been injured, have been forced to incur expenses and costs in defending the baseless actions taken against them, and Plaintiff Cooperrider has suffered personal injuries and damages cognizable under 42 USC § 1983.

49. Plaintiffs further seek punitive damages against Defendants, in their individual capacities, since the actions complained of were motivated by evil motive or intent, and/or when it involves reckless or callous indifference to the federally protected rights of Plaintiffs. Plaintiffs demand judgment on these punitive damages against Defendants, in their individual capacities, in an amount to be determined at trial.

50. Further, because the violation of substantive and procedural due process continues to the present, Plaintiffs seek declaratory and injunctive relief to prevent continued constitutional violations against them.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiffs demands judgment against Defendants as prayed for, including:

A. That this Court issue a declaration that the practices complained of herein, by Defendants were and are unconstitutional;

B. That this Court issue an injunction enjoining further unconstitutional actions by Defendants;

C. That Plaintiffs be awarded money damages, including both compensatory and punitive damages against the individual capacity Defendants, in an amount to be proven at trial, and exceeding $10,000.00, exclusive of interest and costs;

D. That trial by jury be had on all issues so triable;

E. That Plaintiffs be awarded their costs in this action, including reasonable attorney fees under 42 U.S.C. § 1988; and

F. Such other relief as this Court shall deem just and proper.

    Respectfully submitted,

/s/ Christopher Wiest_____
Christopher Wiest (KBA 90725)
Chris Wiest, Atty at Law, PLLC
25 Town Center Blvd, Suite 104
Crestview Hills, KY 41017
513/257-1895 (c)
859/495-0803 (f)
chris@cwiestlaw.com

/s/ Thomas B. Bruns_____
Thomas B. Bruns (KBA 84985)
Bruns, Connell, Vollmer, Armstrong
4750 Ashwood Dr., Ste. 200
Cincinnati, OH 45241
513-326-0274 (v)
tbruns@bcvalaw.com

/s/Zach Gottesman_____
Zach Gottesman (KBA 86288)
404 East 12 St., First Floor
Cincinnati, OH 45202
zg@zgottesmanlaw.com
**Attorneys for Plaintiff**

## **JURY DEMAND**

Pursuant to FRCP 38 and other applicable law, Plaintiffs demand trial by jury on all causes so triable.

/s/ Christopher Wiest_____
Christopher Wiest (KBA 90725)

## VERIFICATION

Pursuant to 28 U.S.C. 1746, I, Andrew Cooperrider, on my own behalf and on behalf of Dean's Diner, LLC d/b/a Brewed, declare under penalty of perjury that I have read the foregoing Verified Complaint, that I am competent to testify in this matter, that the facts contained therein are true and correct, and are based information personally known and observed by me.

Executed on 3-23-2022.

_____
Andrew Cooperrider