UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
FRANKFORT

ANDREW COOPERRIDER, *et al.*,           )
                                        )
        Plaintiffs,                     )        Case No. 3:22-cv-00016-GFVT-EBA
                                        )
v.                                      )        **MEMORANDUM OPINION**
                                        )                  **&**
RAY PERRY, *et al.*,                    )              **ORDER**
                                        )
        Defendants.                     )

*** *** *** ***

This matter is before the Court on the Plaintiffs' Objections and Request for Reconsideration Under 28 U.S.C. § 636(b)(1) and FRCP 72. [R. 61]. For the reasons that follow, the Court **OVERRULES** Plaintiff's objections.

**I**

On March 6, 2026, this Court denied the Defendants' outstanding motions for summary judgment with leave to refile following the conclusion of an abbreviated discovery period. [R. 53]. The Court, pursuant to 28 U.S.C. § 636(b)(1)(A), referred the supervision of the discovery period to United States Magistrate Judge Edward B. Atkins. [*Id.*] After holding a telephone conference, [R. 55], and the submission of status reports, Judge Atkins entered a discovery order on March 20, 2026. [R. 59]. By separate order, this Court dismissed the remaining counts against Governor Andrew Beshear. [R. 60]. On April 1, 2026, Cooperrider submitted these written objections to Judge Atkins' discovery order and requested that this Court reconsider the order under 28 U.S.C. § 646(b)(1). [R. 61 at 1].

**II**

Plaintiffs object to two aspects of Judge Atkins' order. First, they object to "that portion of the order that provided that Governor Beshear and anyone in his office need not participate in

discovery at this time." [R. 61 at 1]. Second, they object to the portion of the order that "did not permit Plaintiffs the ability to take a FRCP 30(b)(6) deposition of the Department of Alcoholic Beverage Control." [*Id.*]

A district judge may designate a magistrate judge "to hear and determine any pretrial matter pending before the court," except for certain dispositive motions. 28 U.S.C. § 636(b)(1)(A). A Court may also refer dispositive motions to a magistrate judge, who then prepares proposed findings of fact and recommendations. *Id.* § 636(b)(1)(B). A party may seek de novo review of such a report and recommendation by filing a written objection in the record. *Id.* § 636(b)(1). But a party can also object to non-dispositive orders. Fed. R. Civ. P. 72(a). Magistrate judges have broad discretion over discovery and non-dispositive matters. *United States v. Taylor*, No. 6:21-cr-00013-GFVT-HAI, 2022 U.S. Dist. LEXIS 191547, at *4 (E.D. Ky. Oct. 19, 2022).

The entry of a discovery order is a non-dispositive matter under 28 U.S.C. § 636(b)(1)(A). "When a magistrate judge determines a non-excepted, pending pretrial matter, the district court has the authority to 'reconsider' the determination, but under a limited standard of review." *Massey v. City of Ferndale*, 7 F.3d 506, 509 (6th Cir. 1993) (citing 28 U.S.C. § 636(b)(1)(A)). The district Court will only disturb that ruling it if it is contrary to law or clearly erroneous. An order is contrary to law if it "fails to apply or misapplies relevant statutes, case law, or rules of procedure." *Bisig v. Time Warner Cable, Inc.*, 940 F.3d 205, 219 (6th Cir. 2019) (citation modified). "A [factual] finding is 'clearly erroneous' when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed." *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948).

## A

The Court first reviews the Plaintiffs' objection to Judge Atkins' decision that Governor Beshear need not participate in discovery at this time. [R. 61 at 1]. The Court granted Beshear's renewed motion to dismiss on the basis that he enjoys absolute quasi-prosecutorial immunity. [R. 60]. Plaintiffs object to Judge Atkins's decision that Governor Beshear will not be required to participate in discovery. They argue that the Governor, or a designee, should be required to respond to a subpoena for both documents and a deposition. [R. 61 at 2]. The general claim is that several members of Kentucky's executive branch retaliated against Plaintiffs for their criticism of the governor's response to the COVID-19 pandemic. Although Beshear is no longer a party to this case, Plaintiffs maintain that Beshear's external communications to the Department of Alcoholic Beverage Control and the Public Protection Cabinet regarding the enforcement action against Plaintiffs "is a central piece of evidence in this case." [*Id.* at 3].

Rule 26 allows parties to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." Fed. R. Civ. P. 26(b)(1). Courts consider "the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit." *Id.* Courts construe the relevance of evidence broadly "to encompass any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978). But discovery is not unlimited; like "like all matters of procedure, [discovery] has ultimate and necessary boundaries." *Hickman v. Taylor*, 329 U.S. 495, 501 (1947). For instance, "it is proper to deny discovery of matter that is relevant only to claims or

3

defenses that have been stricken." *Sanders*, 437 U.S. at 352. "The scope of discovery is within the sound discretion of the trial court." *Chrysler Corp. v. Fedders Corp.*, 643 F.2d 1229, 1240 (6th Cir. 1981).

High-ranking government officials are generally not subject to depositions. *Murray v. U.S. Dep't of Treasury*, No. CIV.A.08-CV-15147, 2010 WL 1980850, at *2 (E.D. Mich. May 18, 2010). Except in extraordinary circumstances, high-ranking officials may not be subjected to depositions or called to testify regarding their official actions. *Boudreau v. Bouchard*, No. 07-10529, 2008 WL 4386836, at *1 (E.D. Mich. Sept. 25, 2008) (citation modified). "This rule is based on the notion that high ranking government officials have greater duties and time constraints than other witnesses and that, without appropriate limitations, such officials will spend an inordinate amount of time tending to pending litigation." *Id.* Under the extraordinary circumstances test, depositions of high-ranking officials may be permitted (1) where the official has first-hand knowledge related to the claim being litigated and (2) where it is shown that other persons cannot provide the necessary information. *Id.* at *2; *Scott v. Louisville/Jefferson Cnty. Metro Gov't*, No. 320CV00535BJBCHL, 2023 WL 5250963, at *4 (W.D. Ky. Aug. 15, 2023); *EMW Women's Surgical Ctr., P.S.C. v. Glisson*, No. 3:17CV-00189-GNS, 2017 WL 3749889, at *2 (W.D. Ky. Aug. 30, 2017); *Morgan v. Bevin*, No. 3:17-CV-00060-GFVT-EBA, 2018 U.S. Dist. LEXIS 204657, at *14–15 (E.D. Ky. Dec. 3, 2018).

Two recent federal cases resolved discovery disputes against a sitting Kentucky governor. In both cases, the court applied the extraordinary circumstances test. Its application yielded identical results: the Governor did not have to sit for a deposition. In *Morgan v. Bevin*, a case before this Court, Magistrate Judge Atkins applied the extraordinary circumstances test and held that then-Governor Matt Bevin did not have to sit for a deposition. 2018 U.S. Dist. LEXIS

4

204657, at *13–16. Specifically, Judge Atkins found that the moving plaintiffs failed to show that other individuals could not provide the information sought. *Id.* at *15. The plaintiffs failed to show that "the deposition of Governor Bevin [was] necessary or proportionate to the needs of this case," and further could not demonstrate that the testimony of "previous witnesses . . . was in some way deficient." *Id.* at *15–16. Accordingly, Judge Atkins denied the request to depose Governor Bevin. *Id.* at *16.

In *EMW Women's Surgical Ctr., P.S.C. v. Glisson*, a magistrate judge sitting in the Western District of Kentucky applied the extraordinary circumstances test and likewise held that Governor Bevin did not need to sit for a deposition. 2017 WL 3749889, at *4. As an initial matter, the Court suspected that Governor Bevin did not have first-hand knowledge of the matters at issue in the case, failing the first prong of the test. *Id.* at *3. This was reason enough to grant the defendants' protection order preventing the deposition of Bevin. *Id.* Alternatively, applying the facts under a different test, the Court concluded that the proposed deposition represented "a fishing expedition intended to harass or annoy" the defendants.[1] *Id.* at *4. As in *Morgan*, Governor Bevin did not have to sit for a deposition. *Id.*

Returning to the case at bar, it is clear that Plaintiffs cannot show that extraordinary circumstances exist warranting Governor Beshear's participation in discovery. In prior filings, the remaining defendants disputed whether Governor Beshear had first-hand knowledge of the claim being litigated. *See* [R. 44 at 9] ("[T]he affidavits of Counsel Duke and Secretary Perry both confirm that they never discussed the ABC enforcement proceeding . . . among themselves or with Governor Beshear at all."). But even assuming *in arguendo* that Governor Beshear does

---

[1] This different test, the "apex doctrine," bars the deposition of "high level [corporate] executives absent a showing of their 'unique and personal knowledge' of relevant facts." *Serrano v. Cintas Corp.*, 699 F.3d 884, 900 (6th Cir. 2012). It is not clear whether the apex doctrine extends to high-ranking government officials. *Glisson*, 2017 WL 3749889, at *2.

have first-hand knowledge, Plaintiffs have not shown—or even plead—that other persons cannot provide the necessary information. Plaintiffs already possess the Department of Alcoholic Beverage Control's response to a prior voluminous open records request. *See* [R. 40 at 2, n.1]. Judge Atkins granted the parties permission to depose non-parties in addition to sitting for depositions themselves. [R. 59 at 3]. Plainly, the Court does not see how the deposition of Governor Beshear will provide Plaintiffs with any additional information that cannot be found through other means available to them already.

Judge Atkins' order correctly applied the relevant controlling law in finding that Governor Beshear will not be required to participate in discovery at this time. Judge Atkins did not fail to apply or misapply any relevant statute, case law, or rule of procedure. *Bisig*, 940 F.3d at 219. Accordingly, the Court **OVERRULES** Plaintiffs' first objection to the discovery order.

**B**

Plaintiffs next object to the portion of the order that, in their view, "did not permit Plaintiffs the ability to take a FRCP 30(b)(6) deposition of the Department of Alcoholic Beverage Control." [R. 61 at 1]. Judge Atkins' discovery order did not address whether Plaintiffs could take a Rule 30(b)(6) deposition of the Department. In their March 17, 2026, Status Report, the Plaintiffs stated their intent to depose "a FRCP 30(b)(6) designee for the Department of Alcoholic Beverage Control." [R. 58 at 1]. In the attached counsel email correspondence, the defendants did not oppose such a deposition. *See* [R. 58-3 at 7]. Indeed, defense counsel appeared to endorse it as a favorable alternative to other proposed discovery requests.[2] [*Id.*] As such, there does not appear to be any real dispute here. The Court will not disturb Judge Atkins'

---

[2] Specifically, in a response to plaintiff's counsel, defense counsel wrote that "in any event, information regarding the extension of settlement offers in Covid-related enforcement actions could be gleaned through a Rule 30(b)(6) deposition, and does not necessitate calling agency counsel as witnesses." [R. 58-3 at 7].

motion and will defer to Judge Atkins to clarify this additional, seemingly uncontested outstanding discovery matter with the parties.

## III

Accordingly, and the Court being sufficiently advised, it is hereby **ORDERED** that Plaintiffs' Objections to the Discovery Order **[R. 61]** are **OVERRULED**.

This 13th day of April, 2026.

Gregory F. Van Tatenhove
United States District Judge